IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WENDELL C. ROBINSON**                                      **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 3:13CV1062-LRA**

**SHERIFF BILLY SOLLIE, ET AL**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Plaintiff Wendell C. Robinson, *pro se,* Lee Thaggard, counsel for Defendants (Sheriff Billy Sollie and Lauderdale County Board of Supervisors), and Jason Paul Varnado (for Defendant Sheila Hanlin) appeared before the undersigned United States Magistrate Judge on the 9th day of April, 2014, at the Jackson Federal Courthouse. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. Plaintiff is housed as an inmate in the Lauderdale County Detention Facility (LCDF) in Meridian, Mississippi. He was a pretrial detainee until he was sentenced on March 24, 2014.

Plaintiff was granted *in forma pauperis* [IFP] status by Order entered December 27, 2013 [8]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). The purpose of a *Spears* hearing is to "bring

into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181). The undersigned conducted the hearing in order to allow Robinson an opportunity to fully explain and/or develop the factual basis of his claims.

Plaintiff's authenticated medical records were admitted into evidence and are filed of record [30]. According to his sworn testimony at the hearing, Plaintiff described his claims in part as "medical neglect." On November 19, 2013, he was in the zone with other inmates. He asked a friend, inmate Brown, if he could read the newspaper. Suddenly, with no provocation, inmate Bobby Carr attacked him, "mentally and physically." Plaintiff fell over on a table and hurt his neck and shoulder. He was moved that same day to booking.

Plaintiff testified that he had no prior notice that he would be attacked; Carr had never threatened him before. He was attacked for two-three minutes by Carr, for no reason, and then other inmates broke it up. Plaintiff testified that the officers could not have known Carr would attack him. Although Plaintiff suggests that these Defendants failed to protect him, he sets forth no factual basis for why Sheriff Sollie, the Lauderdale County Board of Supervisors, or nurse Hanlin, would have known that such an attack would occur or how they could have prevented the attack.

Plaintiff complains that his medical care was not sufficient after the attack. The attack happened on November 19, 2013, and he asked if he could go to the hospital; the jail officials said no. He admitted that he did not fill out a sick call

2

request on November 19th, but he did on November 20th.  Pursuant to his sick call request, he went to the clinic on November 20th and saw Nurse Hamlin.  She checked his blood pressure, and it was normal.  He also had x-rays of his cervical spine and left shoulder taken on November 20th.  Plaintiff says his neck was swollen, but Nurse Hamlin told him it was okay and that the x-rays were normal.  He never got an x-ray report.  Nurse Hamlin gave him two Ibuprofen and would not let him go to the hospital.

Plaintiff testified that he called his son and family to get help later on.  Thereafter, on November 26, 2013, he was taken to Rush Hospital and was treated by Dr. Mutziger.  Although Plaintiff named Dr. Mutziger as a Defendant, he is not certain as to what Dr. Mutziger may have done wrong.  A CTscan was performed, and the results were apparently normal.  Plaintiff contends that Dr. Mutziger checked his neck and popped it.  He was also treated by Dr. Mutziger about two times thereafter.  Dr. Mutziger prescribed him Flexoril and Motrin.

According to Plaintiff, he disagrees with the medical treatment that he got.  It took about four-five days to take him to the hospital.   He still suffers from pain in his neck and his "thinking" is not the same.   When asked about what each Defendant did, Plaintiff replied that Defendant Sollie had an "unsafe jail," although he was not involved in Plaintiff's medical care.  He sued Lauderdale County for "unsafe medical reasons."  The Board of Supervisors should have been more involved in his medical care.  Defendants Hanlin and Dr. Mutziger were involved in his medical care,

3

although he does not know if Dr. Mutziger did anything wrong. The officers at the jail had no clue beforehand that Carr was going to attack him.

The Court has carefully considered the facts as alleged by Plaintiff in conjunction with the applicable law regarding the medical care that these Defendants are required to provide a detainee in their custody. Plaintiff is reminded that his rights under the United States Constitution are not violated simply because these Defendants may have been negligent or inattentive or provided medical care that was not to his liking. Although actionable as a tort under common law, medical malpractice does not create a constitutional claim. Plaintiff's medical records confirm his testimony that he was provided x-rays, a CTscan, and hospital care for the injuries he received in the attack. Plaintiff does not explain what additional care should have been provided, and this Court cannot interfere with the physicians' medical judgment.

Assuming the facts as stated by the Plaintiff are accurate, the Court finds that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 or the United States Constitution. Robinson simply disagreed with Nurse Hanlin's medical decision to not immediately have him taken to the hospital after his fall and after his normal x-rays. At most, the facts stated by Plaintiff may establish a claim of negligence or medical malpractice against Nurse Hanlin, or the unserved Defendant

Dr. Mutziger.[1]  This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate.  A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment.  *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985).  Questions of medical judgment are not subject to judicial review.  *Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).  Plaintiff's self-diagnosis of what medications or treatment he believed he needed states nothing more than a disagreement with the medical staff's decisions.

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976).  To prove  deliberate indifference, Plaintiff must allege that these Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  Robinson's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat.  He received immediate x-rays and then a CTscan at a hospital within the week.  Robinson simply was not

---

[1] Dr. John Mutziger has not been served with process or entered an appearance, but the same analysis of the law is applicable to him.

happy that the care was not faster and that his neck still hurts.  His records confirm that he did receive care from the medical personnel at EMCF and at the hospital.  His tests were normal, and Plaintiff has not stated what additional care he believes he needs.

A prisoner is not entitled to his *choice* of treatments.  *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).  The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated.  "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement.  *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).  Robinson has not articulated any exceptional circumstances which would make his claims constitutional in nature.

Plaintiff's factual basis for his "failure to protect" claim also fails as a matter of law.  The Court notes that prison officials have a duty to protect prisoners from violence by other inmates.  *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002).  To establish a failure-to-protect claim under section 1983, Plaintiff must show that he is/was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection.  *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998);  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Further, to act with deliberate indifference, "the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff testified that he had no idea he would be attacked, and that no prison official knew that the inmate Carr would attack him like he did. Plaintiff's own testimony confirms that the jail officials could not have predicted Carr's attack and had no reason to know that Plaintiff was at risk for serious harm. Plaintiff has not stated a failure-to-protect claim under the facts as alleged by him. None of the named Defendants were even present when Plaintiff was attacked.

The undersigned, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Robinson's claims have no basis either in law or in fact and, therefore, are frivolous[2] and fail to state a claim on which relief may be granted. For these reasons, this action shall be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and(ii). Final Judgment in favor of Defendants shall be entered.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice. A separate Final Judgment in favor of Defendants shall be entered on this date.

---

[2] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense. *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

SO ORDERED, this the 2nd day of June, 2014.


                                        S/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE